CHITTENDEN,
*January,*
1841.

Emery
*v.*
Tichout.

## JOHN W. EMERY, *v.* HENRY TICHOUT.

Payments are to be applied according to the understanding of the parties, when that can be ascertained.

Such understanding may be inferred by the *court*, from the facts reported by an auditor, without its being directly done by him.

THIS was an action of book account, wherein judgment to account was rendered by the county court and an auditor appointed, who reported a balance due to the plaintiff of $35,-05. The auditor further reported that the plaintiff was a physician and that his account against the defendant accrued under the following circumstances. The defendant had, for several years, been subject to fits, and had expended money for medical attendance, from which he derived little or no benefit. Early in the defendant's sickness, during which the plaintiff's account principally accrued, and before more than ten or twelve dollars had been charged by the plaintiff, the defendant informed the plaintiff that if the plaintiff continued to attend upon and prescribe for the defendant, it must be at a moderate rate and for such pay as the defendant could make from time to time; that he would not consent to employ the plaintiff, if, by so doing, he were to be harrassed or sued; and unless the plaintiff would consent to this proposition the defendant did not want any further services of the plain-

tiff. The plaintiff replied that he would never sue or har-
rass the defendant if he (the plaintiff) never received any-
thing for his services. Under this agreement the plaintiff
continued his services and charged therefor.

The plaintiff's account commenced April 25, 1834, and
terminated July 31, 1837, and amounted to $58,84. All
the items charged in the plaintiff's account were for services
and medicine for the defendant himself, except a charge of
seventeen cents for services rendered the defendant's son.

The defendant's account commenced November 24, 1835,
and terminated August 1, 1837, and the items charged there-
in were for onions, carrots, poor corn, rye, pigs, poor boards,
&c., and amounted to $29,87, which the plaintiff did not
object to. The auditor also found that the plaintiff's char-
ges were reasonable, and reported a balance of interest in fa-
vor of the plaintiff.

The auditor further found that, at the time when the above
agreement was made between the plaintiff and defendant, the
defendant was laboring under some mental excitement occa-
sioned by his disease, but not to such a degree as to render
him incapable of contracting and fully understanding what
agreement he was desirous of making, and did make, and
that the agreement related only to services and medicine fur-
nished the defendant personally, during his sickness, and not
to the defendant's family.

The county court decided that the plaintiff was not enti-
tled to recover, and rendered a judgment for the defendant to
recover his costs; to which decision the plaintiff excepted.

*C. D. Kasson,* for the plaintiff, contended that, as no ap-
plication of the defendant's account had been made in pay-
ment of any particular portion of the plaintiff's account, the
plaintiff had a right to make the application, and did so in
payment of that part of the plaintiff's account which the de-
fendant contended the plaintiff had promised not to sue; and
that the plaintiff was entitled to recover for the items not em-
braced in the agreement of the parties, set forth in the au-
ditor's report; that, if the plaintiff may not so apply the de-
fendant's account, the court will apply it to such part of the
plaintiff's account which is least secured, and cited 4 Cranch
317, (2 U. S. Cond. R. 122,) 6 Cranch, 8, (2 U. S. Cond.

R. 292,) 2 Caines' R. 99; 14 East, 242; 1 Com. L. Rep. 202. He also insisted that it sufficiently appeared from the report, and the accounts of the parties, that the articles composing the defendant's account were intended, by the defendant, to be applied in payment of that part of the plaintiff's account subject to the promise not to sue, as they appeared to be such as he could pay " from time to time."

*J. Maeck,* argued for the defendant, and cited 2 Strange, 278. 1 M. & S. 290. 1 Cowen, 122. 2 Johns. Rep. 186. 4 Mass. R. 433. 7 do. 265. 16 do. 24. 3 Pick. R. 623. 6 Wend. R. 471. Id. 291. 5 Mun. R. 507. 1 Am. Eq. Dig. 78. 1 Merrivale's R. 572, 608. 2 B. & Adol. 39. 15 Com. L. R. 348. 9 do. 25. 1 C. & M. Rep. 23. 9 Cowen, 420. Strange, 1194. 9 Cowen, 747. Ch. on Cont. 582, 583 & 584.

The opinion of the court was delivered by

COLLAMER, J.—By the auditor's report it appears that the plaintiff had a legal account due for ten or twelve dollars. Then an agreement was made that the plaintiff, for after professional services, (the plaintiff being a physician) was not to sue defendant, but to receive such pay as the defendant could make from time to time. The plaintiff continued to render services and charged them in account. The defendant delivered plaintiff various articles which he received and credited in account. What should be done with these articles? The plaintiff had a legal account of ten or twelve dollars due and collectable in money. He had also an equitable claim for services, which he was not to sue. When payments are made and not applied by the payor, at the time, nor by the payee afterwards, the court are to make the application. 2 Vt. R. 283.

In performing this duty the courts have not always followed a uniform rule. Sometimes they have applied the payment to the demand for which there was the least security. At other times they have made such an application as would be most beneficial to the defendant. They have always declined to make the application to an illegal claim, or to one that was forbidden by law, such as usurious debts or for spirituous liquors sold by small measure above the sum allowed by law. There is, however, one rule which is clear, that is,

# 18 CASES IN THE SUPREME COURT

CHITTENDEN, January, 1841.

Emery
v.
Tichout.

whenever the intention of the parties, at the time, can be ascertained, that will govern, if it be not unlawful.

Though an auditor's report is in the nature of a special verdict, yet, the court may infer, from the facts found, whatever.is a fair and legitimate conclusion, without recommitting it for that to be done by the auditor.

In this case, the defendant had agreed to make such payments for the plaintiff's services as he was able and in such things as he could spare. He did, thereafter, and while the services were rendering,deliver the plaintiff, from time to time, small amounts in onions, carrots, poor corn, some pigs, poor boards, &c. Now from these facts we consider the clear conclusion is—1st. That these articles were delivered and received in *payment* and not sold and bought to create a debt. 2d. That, being such things as the defendant could spare and delivered while the plaintiff was attending him to receive such pay, they were delivered on that contract. Such must have been then the intention of the parties and that should govern the application. Applying these articles in this manner, it would leave the plaintiff to recover for the ten dollars previously due him, (I say *ten* dollars, as that is the least sum and most favorable to the defendant,) and also 17 cents for services for the defendant's son, making $10,17. Judgment reversed and judgment for plaintiff.

BENNETT, J.—Dissenting.

It is not so entirely clear to my mind, as it appears to be to my brethren, that the plaintiff should not recover the whole sum which has been reported to be his due, by the auditor, though I incline to the same opinion. If he is not entitled to recover for the services rendered after the agreement, I think judgment should be for the defendant. It seems, by the report, that after a small portion of the plaintiff's account had accrued, the defendant, being unwilling to be harrassed with a suit, declined further to employ the plaintiff, except upon the condition that his charges should be moderate, and that he should receive such pay as the defendant could make from time to time, and that he should never be sued therefor. To this the plaintiff assented and the services were subsequently rendered under this stipulation. The defendant's account against the plaintiff was allowed at about thirty dol-

CHITTENDEN,
January,
1841.

Emery
v.
Tichout.

lars, and more than sufficient to balance the plaintiff's legal claim against the defendant, and the question is, how it shall be applied ? Where there are *distinct* demands, and indefinite payments are made, there is, no doubt, some want of uniformity in the rules which shall govern their application.

The weight of authority, however, I think, in cases where there is no express declaration by either party, or what may be equivalent to it, is in favour of the rule that such application will be made as will be most beneficial to the debtor. This is according to the *presumed intention* of the debtor, who has the first right to direct the application, disregarding the *supposed intention* of the creditor. This seems to be a reasonable rule, inasmuch as the creditor has neglected, equally with the debtor, to avail himself of his right to direct the application, which accrued to him upon the debtor's omission to do it.

This principle has been carried out by courts in many cases, both ancient and modern. *Heyward* v. *Lomax*, 1 Vernon, 24. *Pattison* v. *Hull*, 9 Cow. R. 765, where the question is much considered ; and in *Goddard* v. *Hodges*, 1 Cromp. & Mason's Rep. 33, it was held that a general payment must be applied to a *prior legal*, and not a *subsequent equitable* demand. So the law will apply such a payment to a well founded and legal claim in preference to one which is usurious. *Wright* v. *Laing*, 3 B. & C. 165.

In *Wood* v. *Barney*, 2 Vt. R. 369, the plaintiff's account consisted, in part, for liquors, sold by him as an inn-keeper by small measure, for which the right to recover beyond $1,50, was taken away by statute, and the court refused to apply the articles in the defendant's account to extinguish the liquor charges in the plaintiff's account. It may be remarked, that the statute did not render *void* the account for liquor, beyond the $1,50, but simply took away the remedy. In the case now before us, the parties, by their own agreement, took away all remedy as to a portion of the account. How then can the court apply articles delivered by the defendant and charged generally in account, and no specific application made by either of the parties, but which remained to be adjusted by the auditor, in extinguishment, in the first place, of such portion of the account for which there is no remedy ?

CHITTENDEN,   But, I think this case is not one where the plaintiff has
  January,    two distinct and independent demands.   The plaintiff's
   1841.      whole account has grown out of his professional services, and
  Emery       is treated by him as one *entire* account.   Where there are cur-
    *v.*      rent accounts between two parties, and no appropriation
  Tichout.    made by either, the law makes the appropriation according to
the order of time in the items of the account ; the first item on
the debit side, being the item discharged or reduced *by* the
first item on the credit side, of the account.   This is well
settled.   Clayton's case, 1 Meri. R. 572, 608.   *Bodenham*
v. *Purchas*, 2 Barn. & Ald. 45, 47.   *Pemberton* v. *Cakes*,
4 Russ. Rep. 155.   *United States* v. *Kirkpatrick*, 9 Wheat.
Rep. 720.   *Barker* v. *Stackpole*, 9 Cow. Rep. 435.

This, then, would be the rule to be applied to this case, if
all the items in the plaintiff's account were such as to furnish
the party a legal remedy.   The fact that the plaintiff has no
remedy for the latter portion of the account, cannot vary, or,
rather, reverse the rule.   To reverse the rule, for this cause,
would indeed be to make an application the least beneficial
to the defendant.

It is true, if the auditor had found that the articles charged
in the defendant's account were delivered under the con-
tract, and received by the plaintiff in payment of such ser-
vices as were rendered after the agreement, no debt would
have been created in favor of the defendant and there would
have been an end of the question.

But, I do not so understand the report.   The defendant's
account is kept and charged in the ordinary way, and is pre-
sented and allowed against the plaintiff as a subsisting ac-
count.   There is no suggestion, in the report, that even the
plaintiff claimed, before the auditor, that there was to be any
specific application of the defendant's account, but the con-
test is put, and proceeds, on other grounds.

The plaintiff claims the right to recover the whole balance
of his account. Though the parties had agreed that there should
be no right of action for the services rendered after a given
time, and the defendant might pay at pleasure in such things
as he could, yet it is a *non sequitur* that the articles in
question were delivered and received in payment of such
services.

They might, or they might not not have been.   If the

plaintiff claimed such to have been the fact, it was his duty to have had such fact found by the auditor.

This court sits as a court of error, and their duty is simply to declare the law upon the facts found by the auditor, and not to infer a fact from the existence of others which may have been proved. This is frequently done by the *triers*, and is, indeed, nothing 'less than the finding a fact proved by indirect or circumstantial testimony.

It is possible the auditor might have infered, from the evidence before him, that the articles in the defendant's account were delivered and received in payment of the latter portion of the account ; but it it is evident that neither the attention of the parties, nor of the auditor, was turned to this view of the case, and, indeed, the fact that the defendant's account was treated and allowed as a *subsisting account*, without objection, goes far to rebut such intention. If such was their intention, it must have been affirmatively made out, and so found by the auditor, before this count should give it effect. This, then, being a case, in my view, where no application has been made by the parties, and no specific intention found by the auditor, I think the law will apply the defendant's account in extinguishment of the first items in the plaintiff's account. This may be regarded as most beneficial, to the debtor, and hence, according to his *presumable intention*. As this court, sitting as a court of error, cannot recommit the report, I would advise an affirmance of the judgment of the county court.