Birchard & Moulton *v.* Palmer.

### BIRCHARD & MOULTON *v.* HUSTED PALMER.

When the county court, instead of re-committing a report, undertake to decide any questions of fact, or to draw any inference of fact, arising on the report, their decision is final.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported, in substance, that the account presented by the plaintiffs against the defendant consisted of charges for freight of lumber; that, at the time the charges accrued, the defendant was a partner with one Amos Palmer and jointly interested with him in the lumber transported by the plaintiffs; that it was a matter of public notoriety, in the vicinity where the business was transacted by the parties, that a partnership existed between the defendant and Amos Palmer; but that the account was charged, upon the plaintiffs' books, to the defendant alone, and that it did not appear that the plaintiff's knew of the partnership, or supposed that they were dealing with any other person than the defendant; and that, upon the account being presented to the defendant for payment, prior to the commencement of this action, he made no objection, that the account was improperly charged to him alone, and only excepted to the pieces charged.

The auditor referred the question to the county court, whether, upon these facts, the defendant was liable in this action; and reported, that the balance due from him to the plaintiffs, if he was liable, was ten dollars and eight cents. The county court,—BENNETT, J., presiding,—rendered judgment for the plaintiffs, upon the report, for the sum of $10,08; to which decision the defendant excepted.

Birchard & Moulton *v.* Palmer.

At the trial before the auditor the defendant, in order to prove the alleged partnership between himself and Amos Palmer, offered the deposition of Amos Palmer,—which was objected to by the plaintiffs and excluded by the auditor.

————— for defendant

*Briggs & Williams* for plaintiffs.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   No question has been argued here, in relation to the rejection of the deposition of Amos Palmer; that objection is therefore considered as abandoned.

On the other question, which has been argued, we have only to observe, that no question of law is presented, on which we are to determine.   The county court have found the defendant chargeable for the amount of the plaintiffs' account.   When the county court, instead of recommitting a report, undertake to decide any question of fact, or to draw any inference of fact, arising on the report, their decision is final.   *Stone et al.* v. *Foster,* 16 Vt. 547.

There was evidently testimony enough in this case, to justify either the auditor, or the county court, in determining, that the plaintiffs contracted with the defendant alone, and not with the partnership.   It is the duty of the auditor to decide all questions of fact, and not, as Lord Thurlow observed, "throw their wallet on the shoulders of the court."   In all cases, where an auditor, instead of finding the facts, refers them to the court, the court should recommit, or reject, the report.   The court did not, in this case, recommit the report, but rendered judgment for the plaintiffs; and as both the auditor and the court have found the defendant accountable to the plaintiffs, we see no reason for disturbing the judgment of either.

Judgment affirmed.