FOR THE

## FIRST JUDICIAL CIRCUIT.

SEPTEMBER TERM, 1854.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

WILLS & FAIRBANKS *v.* RUSSELL B. JUDD.

*Assumpsit. Witness. Inferences of fact, &c.*

If one of several plaintiffs be called as a witness by the defendant, and be released from all interest, and willing to testify, he is a competent witness, although his co-plaintiffs, and others interested on the same side, may object.

To remove the interest of a witness who is interested in the event of the suit, he must not only be released from all liability for costs, but also from all liability for the money recovered, and from the claim, in discharge of which, any part of the money recovered in the suit would go.

Upon the report of an auditor or referee, all inferences of fact are to be made by

**XXVI**      40

the court, to which the report is returnable, and after such court have rendered judgment upon the report, if their judgment can fairly be sustained, by any inference of fact they might have drawn from the report, this court, as a court of error will presume they based the judgment upon such inference.

ASSUMPSIT. The declaration contained the common counts, for work and labor ; for goods, wares, and merchandize ; for money lent, advanced, paid, &c ; and for money had and received, &c.

Plea, the general issue and notice.

The case was referred, under a rule of court, to a referee, who reported substantially the following facts :

That the plaintiffs commenced business in co-partnership, as merchants, in April, 1845, and continued in business till September 29, 1851, when they failed in business, assigned all their merchandize and all their book accounts, except the account of the firm against the plaintiff, Wills, to Lucius H. Barber for a valuable consideration.

That from the commencement of said partnership until the close, the defendant was at work for the plaintiff, Wills, in his individual business as a carpenter, and during the same period purchased goods, and had an account at the plaintiffs' store, which account was put into a pass-book, kept by the defendant ; and that at the end of each six months, the balance of account against the defendant was charged to the account of the plaintiff, Wills, and credited to the defendant. That these settlements were so made up to the 29th of September, 1849, but from September 29, 1849, to the 29th of September, 1851, the time of the plaintiffs' failure, no transfer was made of the defendant's account to the account of Wills.

That the partnership books and store were under the charge of the plaintiff, Fairbanks, and no settlement was made between the plaintiffs and the defendant, except the semi-annual transfers to Wills, as aforesaid, nor was the defendant called upon for payment until after the failure of the plaintiffs.

That on the 30th day of September, 1851, the plaintiff, Wills, executed to the defendant a mortgage conditioned for the payment of the account of the defendant. That some time during the winter of 1853, the account of the plaintiffs was assigned, by the said Barber to one Truman Huling, as collateral security for money loaned Barber ; and that on the third day of October, 1853, said

Barber assigned to said Huling, the account against the defendant.

The referee also reported, that it appeared from the testimony of the plaintiff, Wills, who was willing to testify for, and was offered as a witness, by the defendant, and objected to by the nominal party, Fairbanks, and by Huling, the party in interest, that in April, 1845, when the defendant commenced trading with the plaintiffs, it was verbally agreed between both the plaintiffs and the defendant, that whatever account the defendant should run up at the plaintiffs' store, the plaintiff, Wills should pay the firm; and that as matter of convenience it was to be charged to defendant for six months, and at the end of every six months, it should be charged to Wills, and credited to the defendant. That the account of defendant for carpenter work was from time to time looked over between them, and compared with the store account on the pass-book, and that at the time of the failure, there was due from Wills to defendant, a balance for his labor, over and above the whole store account, and that to secure this balance, and certain claims, defendant had against Wills, the said mortgage was executed; but that no final settlement had been made between them.

That before testifying, the defendant executed to Wills, a full discharge. That plaintiffs offered the said Barber as a witness, but before he testified, T. Huling and A. M. Huling, his attorneys, executed the following release to him, viz: "For value received of "Lucius H. Barber, we hereby release and discharge him from all "liabilities to us or each of us for costs, fees, and disbursements in "the suit, Wills & Fairbanks against Russell B. Judd, now pend- "ing in the Bennington County Court, and from all future liability "to us of costs, fees, and disbursements in and about said suit."

That defendant objected to the testimony of said Barber on the ground of interest. That it appeared from his testimony, that after the assignment of the accounts of the plaintiffs, and notice thereof to him, and before the transfer to said Huling, that the defendant promised to pay the account in controversy to him.

The referee submitted that if the court should be of the opinion that Wills was an incompetent witness, then he found due to the plaintiffs $——. But if otherwise, then he found nothing due, unless the court should be of opinion that said Barber was a competent

witness, and that a promise of the defendant to pay him as assignee, the account apparently due upon plaintiffs' book operated as an *estoppel in pais* upon the defendant, then he found due the plaintiffs $——.

The County Court, December Term, 1853,—PIERPOINT, J., presiding,—upon the facts reported, decided that the plaintiffs were not entitled to recover.

Exceptions by plaintiffs.

*O. L Shafter* and *A. M. Huling* for plaintiffs.

I. Wills was improperly admitted as a witness. He could not testify without the consent of Huling, the party in interest. *Sargeant* v. *Sargeant*, 18 Vt. 372. *Hackett* v. *Martin*, 8 Greenl. 77. 20 Johns. 142. 1 Cowen & Hill's notes 123. 1 Greenl. Ev. § 353.

II. The testimony of Barber was properly received, he having assigned absolutely to Huling, and having been released by his attornies from all liability for costs, fees and disbursements. *Boardman* v. *Roger et al.*, 17 Vt. 589. *Blake* v. *Buchanan*, 22 Vt. 548. 9 Wend. 293.

III. The absolute assignment to Barber, for a valuable consideration, and notice to Judd, and the promise by him to pay the account to Barber, estopped the defendant from saying that he was not indebted to the plaintiffs. *Cummings et al.* v. *Fuller*, 13 Vt. 434. *Blake* v. *Buchanan*, 22 Vt. 548. *Stiles* v. *Farrar*, 18 Vt. 446. *King* v. *Fowler*, 16 Mass. 398. *Henry* v. *Brown*, 19 Johns. 49.

The promise was not *nudum pactum.* 1 Vt. 57. 10 Mass. 319. 12 Mass. 283. 13 Mass. 292. 15 Mass. 387. *Bucklin* v. *Ward*, 7 Vt. 195.

The silence of the debtor even, will estop him, as to offsets existing at the date of the notice. *Merrill* v. *Merrill*, 3 Greenl. 463. *King* v. *Fowler*, 16 Mass. 397.

And the promise will estop the debtor, even if the assignment was as collateral security for an existing debt. *Blake* v. *Buchanan*, 22 Vt. 548. *Blin* v. *Pierce*, 20 Vt. 29.

There was an *account* against the defendant on the books of the plaintiffs; defendant not only knew this, but was himself party and privy to its being there. Whether the defendant owed the account is quite immaterial, so long as he recognized its validity

and promised to pay it. *Walbridge* v. *Harroon,* 18 Vt. 448. *Warren* v. *Bishop,* 22 Vt. 614. 1 Greenl. Ev. § 270.

It is not essential to the estoppel, that Barber should have *made* the *purchase,* on the faith of the promise, it is sufficient that he *retained* the account on the faith of the promise. *Sargeant* v. *Sargeant,* 18 Vt. 377.

IV. Huling can claim the benefit of this estoppel. 1 Story's Eq. Com. § 409, 410. *Porter* v. *Rayworth,* 13 East. 417. 8 Wend. 600. 9 Wend. 293.

*J. L. Stark* for defendant.

The first question presented by the report is, whether Wills is a competent witness, when called by the defendant, and consented to be sworn and testify.

I. It is well settled in this state, that it is no objection to the competency of a witness, that he is a party to the record, either where he has no interest in the event of a suit, or is called to testify against his interest. *Sargeant* v. *Sargeant,* 18 Vt. 376. *Paine* v. *Tilden,* 20 Vt. 576. *Johnson* v. *Blackmer,* 11 Conn. 342. *Westcott* v. *Woodruff,* 12 Conn. 138. 20 Com. Law 47.

If Wills had an interest in the event of the suit, before his release, it was balanced. If Judd recovered he would have to account to his partner, and if the assignee recovered, he might have to account to Judd.

The report shows that the defendant never was the debtor of the firm.

It is the contract that creates the relation of debtor and creditor, and not the charge. 3 Vt. 185. 10 Vt. 201.

The report also shows, that the goods have been paid for to Wills, by the defendant, agreeably to the contract, before the failure and assignment. This was a discharge of the debt. *Fay et al.* v. *Green,* 1 Aik. 72. *Strong* v. *Fisk,* 13 Vt. 278. *Eaton* v. *Whitcomb,* 17 Vt. 646.

The report finds that nothing is due the plaintiffs, unless the court be of the opinion that Barber was a competent witness, and that the promise to pay an account apparently due upon the plaintiffs' books operated as an *estoppel in pais.*

1. Barber being in interest was not a competent witness.

2. This debt, by the contract between the parties, was a part of the Wills account, and not assigned.

3. The payment to Wills, by the defendant was a discharge of the debt, and rendered it *functus officio.* *Walbridge* v. *Harroon,* 18 Vt. 448. *Dupoy* v. *Sweat,* 3 Wend. 140. *Barker* v. *Wheaton,* 5 Mass. 509. 4 Wend. 420.

In all cases where a debt has been discharged, and a new promise is relied upon, the action must be brought in the name of the person to whom the promise is made, and upon consideration.

The promise as proven, does not operate as an *estoppel in pais.* 1 Saund. Pl. & Ev. 65. *Brown* v. *Wheeler,* 17 Conn. 345. *Kinney* v. *Farnsworth,* 17 Conn. 355. *Roe* v. *Jerome,* 18 Conn. 153. *Middletown Bank,* 18 Conn. 44. *Cowles* v. *Bacon,* 21 Conn, 463. *Walbridge* v. *Kibbee,* 20 Vt., 543.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. That the plaintiff, Wills, was a competent witness, being fully released from all interest, and willing to give testimony, there can be no doubt. Notwithstanding any objection from others, who were interested in the suit, on the part of the party called, as a witness. This very point was decided, by this court, many years since, in the county of Caledonia, in the case of *Silver, Pierce & Co.* v. *Lyman et al.,* which has since repeatedly been acted upon, in this court, and oftener, at the jury trials, in the county court, and which did not fail of being reported, as it is understood, from any doubt of its perfect soundness. *Miner* v. *Downer,* 20 Vt. 461, is to the same effect.

II. The first assignee of the claim, Barber, would have been a competent witness, if released from all obligation to refund the money, borrowed of Huling, and for the security of which this demand had been assigned. But he does not seem to have been released, from this obligation by Huling, but only from the cost of this suit. And so long as he remained liable for the money borrowed, and in discharge of which any money recovered in this suit would go, we do not see how he could be regarded as altogether divested of interest. It is probable Huling might rely chiefly upon the claim against defendant, but I notice nothing to preclude him from going against Barber, for the money loaned,

Wills & Fairbanks *v.* Judd.

even after an absolute conveyance of all Barber's interest in this claim, to him, unless he had stipulated to release Barber.

III. But it does not appear with sufficient distinctness, to justify this court, in finding error, that the promise, which Barber testifies to, was upon any consideration, or relied upon, by him. All presumptions must now be in favor of the judgment below. And it does not clearly appear, that Barber had an interest to the full extent of the property assigned, or that he might not in fact have been a mere trustee and holding for the benefit of creditors, for the assignment might still have been upon valuable consideration. And certainly there is no pretence, that Barber acquired any more right to recover upon this account than the plaintiffs had, unless he was misled, by defendant's promise. This could not have induced the original assignment, as it seems to have been altogether subsequent to the assignment. And there is nothing in the case to show, even probably, that Barber relied upon this promise, after it was made, and was thereby misled, so that upon both grounds, the case fails to show error in the judgment of the county court. There is undoubtedly enough in the testimony of Barber, if admissible, to ordinarily justify a jury in finding for the plaintiff. But upon a report of auditors, and especially of a referee, all inferences of fact are to be made, and can only be made, by the court, to which the report is returnable, and after such court have rendered judgment, upon the report, if their judgment can fairly be sustained, by any inference of fact they might have drawn from the report, it is the duty of a court of error to presume they based the judgment upon such inference. *Walbridge* v. *Kibbee,* 20 Vt. 543, and *Foot* v. *Ketchum,* 15 Vt. 258, go to show where the maker of a promissory note assigned, promises the holder to pay it to him, under a mistake of the facts and the rights of the holder, he is not bound by such promise, until the other party has so far acted upon it, as not to be in a situation of being able to be put in *statuo quo,* nothing of which appears in the present case, and we may well presume, as we are bound to do, that the county court found the contrary fact, and based their judgment upon it.

Judgment affirmed.

NOTE.—There are certainly some facts stated in the report, which would lead

one very strongly to question the entire reasonableness or justice· of compelling defendant to pay this account, unless a case was very clearly made out against him. He seems never to have been indebted to the plaintiffs, but merely to have received the articles charged in payment for his labor, with the full consent of both plaintiffs. The plaintiffs had failed, and in their assignment had reserved their claim against Wills, to whom these articles were properly chargeable, having been entered as delivered to defendant. If then the *books had been completed,* these articles would have stood charged to Wills, in the *very account* excepted from the assignment. Under these circumstances any tribunal must be very credulous to believe, that defendant understandingly promised to *pay.* The most which could be supposed rational, would be that he promised to see it adjusted; at all events, we think the county court fully justified in requiring the plaintiffs to make out a clear case of fraud intentionally practiced by defendant, either upon Barber or his assignees, before they would subject him to a second payment for these articles. We allude to these considerations, as affording an ample justification for the judgment.