BENNETT M. PRATT v. EDMUND L. PAGE AND RUFUS BUCK.

*Partnership. How far the supreme court will presume that the county court inferred the existence of facts in rendering judgment upon an auditor's report.*

In book account against P. and B., it appeared that the services and articles charged were rendered and furnished by direction of P. alone, but the plaintiff claimed that the defendants were co-partners, and jointly liable therefor. The auditor found that the defendants were not co-partners when the plaintiff's account accrued, but that they had been in partnership until a short time previous; that their co-partnership was notorious in their neighborhood, that no notice of its dissolution had been given by publication or otherwise, that P. continued the same business at the same place after the dissolution, and that the plaintiff rendered the services and furnished the articles charged in connection with such business. The county court rendered judgment upon the auditor's report against both defendants. *Held,* that the facts found by the auditor were not sufficient to warrant the county court in rendering judgment against the defendants as co-partners, but that to establish such liability it must also appear: 1st, that the plaintiff, at the time the contract was made under which his account accrued, knew that the defendants had been in partnership: 2d, that he was ignorant of their dissolution: and 3d, that he made the contract supposing he was contracting with the defendants as partners, and in reliance upon their joint liability.

*Held,* also, that the supreme court would not presume that the county court inferred from the facts reported by the auditor, such other facts as were necessary to sustain their judgment.

The supreme court will not, for the purpose of sustaining the judgment of the county court upon an auditor's report, presume that the court found any facts besides those reported, except such as are fairly to be inferred from them.

The case of *Barber v. Britton & Hall,* 26 Vt. 112, questioned so far as it deviates from this principle.

BOOK ACCOUNT. The plaintiff's account was for his labor from October 4, 1852, to January 17, 1853, and for a few bushels of oats furnished in November and December 1852. The auditor reported that the account was correct as to amount, and that the defendant Page hired the plaintiff to do the work charged, and that the oats were delivered by the plaintiff to him. The plaintiff claimed that the defendants were partners when the account accrued, and were jointly liable therefor. The auditor found that in fact they were not then partners, but that they had

previously been in partnership in the business of buying and slaughtering cattle, and selling meat in the town of Reading and vicinity, after the usual manner of country butchers; that this co-partnership commenced in the fall of 1851; that the cattle were bought sometimes by one partner and sometimes by the other, and sometimes by both together; that Page had mostly superintended the sale of the meat; that their business was carried on until November, 1851, at Buck's residence, and afterwards at Page's residence, in the same town, until sometime in the winter of 1851–2; that several cattle were kept through that winter by the defendants jointly, and that some of them remained on hand until the following winter; that some of these were slaughtered by Page and some were sent to market; that Buck took one pair home to his place, and that one or two of them were slaughtered by Page and their meat sold by him after the plaintiff began to work for him; that Buck ceased in fact to have any interest in the business of buying and slaughtering cattle after May, 1852, with the exception of the few remaining on hand, as above stated; that Page, however, continued to carry on the same business at the same place, with Buck's knowledge, until after the plaintiff's account accrued; that though their partnership had been open and public, yet no notice of its dissolution was given by publication in a newspaper, or otherwise; that the plaintiff's account was for services rendered and articles delivered in connection with the butchering business above described; and that Page told the plaintiff, while in his employment, that Buck was his partner.

Upon this report, the county court, at the December term, 1857,—REDFIELD, Ch. J., presiding,—rendered judgment for the plaintiff against both of the defendants, for the balance due upon his account, to which the defendants excepted.

*S. Fullam*, for the defendants.

*Washburn & Marsh*, for the plaintiff.

PIERPOINT J.  It is insisted in this case that the plaintiff is entitled to recover against the defendants as co-partners.

Pratt *v.* Page et al.

It appears from the report of the auditor that in the fall of 1851 the defendants entered into co-partnership in the business of buying and slaughtering cattle, and selling meat in Reading and the adjoining towns, and continued their business until May, 1852, when they dissolved their co-partnership, and the defendant Page continued the business alone ; that in the fall of 1852 the plaintiff hired out to the defendant Page, to labor for him by the month, and worked for him three months; and that during this period he let Page have the oats charged in his account. The main question before the auditor was, whether the defendants were co-partners, in fact, at the time the contract with Page was made, and the property delivered. The auditor has found expressly that they were not. But it is claimed that having been co-partners prior and up to May, 1852, and that generally known in the vicinity, and not having given notice by publication, or otherwise, of their dissolution, the plaintiff has the right to treat them as co-partners, at the time he made his contract with Page, and hold them both responsible for his services rendered for, and the property delivered to, Page.

Do the facts reported by the auditor sustain this claim ?

The general principle is not questioned, that where a co-partnership has existed, and has been publicly and generally known to exist, persons having a knowledge of the fact, and who deal with the members of the company as with the copartnership, supposing them to be still co-partners, and relying upon the responsibility of the company, can hold them liable as co-partners, notwithstanding the co-partnership may have been in fact dissolved, unless they have given such notice of the dissolution as the law requires to discharge them from such responsibility.

The auditor has found the existence of the co-partnership, the general notoriety of the fact in the vicinity, and the dissolution, without publication, in May, 1852. What more is necessary to entitle the plaintiff to hold them responsible as co-partners on the contract he made with Page in October, 1852, some five months after the dissolution ?

1st. He must, at the time he made the contract, have had knowledge of the existence of the co-partnership. On this point the report is entirely silent, and there is no fact reported from

which his knowledge can be inferred.　The fact that it was generally known in the vicinity amounts to nothing, until the plaintiff is brought into the circle within the limits of which this knowledge existed, and it does not appear from the report that the plaintiff was ever in the vicinity of this transaction until the day on which the contract was entered into.

2d. If he knew of the existence of the co-partnership, then it must appear that he did not know of its dissolution at the time he made the contract.　Here again the report is silent.

3d. It must appear that the contract was entered into by the plaintiff with the understanding that he was contracting with the company, and upon their faith and credit.

The auditor has found no fact of this kind, nor anything from which it can be fairly inferred; but on the other hand, he finds that the plaintiff contracted with Page and delivered the property to him, without anything having been said in relation to the co-partnership, or any allusion to Buck as a party to the transaction, or as having any connection therewith, or interest in it. It does not appear that any communication ever took place between the plaintiff and Buck, or that Buck had any knowledge that the plaintiff had been employed by Page.

Therefore we are at loss to see upon what ground the plaintiff can be entitled to a judgment, by reason of the facts reported by the auditor.　We regard them as wholly insufficient to warrant this court, or the county court, in rendering a judgment in his favor.

But it is insisted that as the county court rendered a judgment in favor of the plaintiff, this court will presume that the county court inferred from the facts reported by the auditor, all such other facts as we may think necessary to sustain that judgment.

It has been long settled in this State that this court, in questions arising on the reports of auditors, will, in certain cases, presume that the county court inferred the existence of a certain fact, or facts, from the facts found by the auditor, when their existence is necessary to sustain the judgment which they have rendered, and when the auditor has not expressly found such facts. But we are not aware that any attempt has been made to establish any rule by which the county court is to be governed in

drawing its inferences from the facts found by the auditor, or the circumstances under which this court will presume the county court to have made such inferences. It would seem that there must be a limit, and a somewhat narrow one; for if this court is to presume that the county court has inferred all the facts not found by the auditor that are necessary to sustain the judgment of the court below, it would be idle to bring cases of this character before this court, when the result must always be an affirmance of the judgment.

If then there is a limit to these presumptions, what is that limit, and what are the facts which this court will presume that the county court have inferred from the facts reported by the auditor?

We think the only true answer is, that this court will presume that the county court inferred such facts as necessarily, or fairly, result from the facts found by the auditor; such as are the fair and legitimate conclusions to be drawn therefrom; such as this court can see from the report the auditor ought to have expressly found, but which he has omitted to find, and the existence of which is necessary to warrant the judgment below, and which, from the fact that such judgment was rendered, we presume that the county court inferred. It is, in short, to give the full, perfect and legal effect, to the facts found and reported by the auditor.

This doctrine I think is fairly to be drawn from the decisions in this State. In the case of *Emery* v. *Tichout*, 13 Vt. 15, Judge COLLAMER makes use of the following language: "Though an auditor's report is in the nature of a special verdict, yet the court may infer from the facts found whatever is a fair and legitimate conclusion, without recommitting it to the auditor for that purpose.

In *Stone* v. *Foster*, 16 Vt. 546, the principal question in the case was, whether one Shedd was the agent of the defendant or not. The auditor reported the facts and submitted the question to the court, who rendered a judgment for the plaintiff. In deciding the case the court say: "The auditor has not found in express terms that Shedd was the agent of the defendant, and we think the county court would have been justified in rejecting the report for that reason, but as the report was not rejected, and as the auditor has found such facts as constitute

an agency, it is not necessary now to recommit it." In this case the court say in substance, that although the fact of agency is not found expressly, still, as that fact arises on the face of the report, as the necessary result or conclusion from the facts found, the county court might well say that the fact existed. And we will presume they did so.

The case of *Birchard & Moulton* v. *Palmer*, 18 Vt. 203, was one where the defence set up was that the defendant contracted, as a co-partner, with his brother, and not in his individual capacity. The auditor reported that the account was charged to the defendant alone, on the plaintiffs' book; that it did not appear that the plaintiffs knew of the co-partnership, or supposed that they were dealing with any other person than the defendant, and that when this account was presented to him, he did not object to its having been charged to him alone, and referred the question to the court, whether, on these facts, the defendant was liable. The county court rendered judgment for the plaintiff.

Ch. J. WILLIAMS, in delivering the opinion says, " when the county court, instead of recommitting a report, undertake to decide any question of fact, or to draw any inference of fact arising on the report, its decision is final;" and cites the case of *Stone* v. *Foster*, above referred to. He says, further, " there was evidently testimony enough in this case to justify the auditor, or the county court, in determining that the plaintiff contracted with the defendant alone." He also says, that " in all cases where an auditor, instead of finding the facts, refers them to the court, the court should recommit, or·reject the report; but in this case, the court having rendered a judgment for the plaintiff, and as both the auditor and the court have found the defendant accountable to the plaintiff, we see no reason for disturbing the judgment;" thus placing the decision expressly upon the ground that the facts reported by the auditor, and the fact that necessarily arose therefrom, that is, that the contract was made with the defendant alone, showed that the plaintiff was entitled to recover.

So that the decision in this case, as in that of *Stone* v. *Foster*, was placed upon the ground that the fair and legitimate conclusion, to be drawn from the report itself, would be in favor of the decision below, and that this court, in revising that decision, will

presume that the county court drew the proper inference therefrom.

If the county court finds the existence of facts, and places them upon the record, its finding is conclusive, and this court must take the case as it is sent to it.

But when the court below is silent on the subject, and only sends up its decision, accompanied by the report on which it was based, this court will only presume in aid of its judgment, that it inferred such facts from the report as on an examination of it it can see that the county court ought to have inferred. It is not sufficient that the facts reported may have *some* tendency to establish the required fact, for in that event, as has been before remarked, it would be idle to bring cases of this kind here, for we apprehend that but few cases arise in which there can not be something found in the report tending to sustain the decision below.

In the case of *Barber* v. *Britton & Hall*, 26 Vt. 112, the question was, whether the defendant was liable to the plaintiff for services rendered by him, as a physician, to a boy who was injured while in the employ of the defendants. It appears from the report that the defendants sent word to the plaintiff to " come and see the boy and ascertain if he was being properly treated by the attending physician, and that they would pay him for the visit." Their messenger did not do the errand as directed, but told the plaintiff that the defendants wanted him " to go and see the boy and attend him carefully, and see him through with it, and the defendants would pay the bill." The plaintiff, relying upon this, visited the boy and from time to time took charge of and attended to him until he recovered. The defendants knew that the plaintiff was attending upon and taking charge of him during the period of time that the account was accruing.

The county court rendered judgment on the report for the plaintiff. The supreme court, after affirming the judgment on the ground that the defendants must be considered responsible for the manner in which the messenger delivered the errand, proceed to say that the judgment ought to be affirmed on another ground: and the learned Judge who delivered the opinion says, that the evidence tended to prove a ratification, by the defendants,

of the acts of their agent, and that the county court may have decided the case by inferring a ratification from the facts found by the auditor, and if the county court, instead of recommitting the report for a more explicit finding of facts, draws its own inferences *arising from the facts specifically found* by the report, its decision is final; and cites *Birchard et al.* v. *Palmer*, 18 Vt., and then says that " if necessary to sustain the judgment below, this court will presume the county court drew such inferences, if the contrary does not appear."

We think it apparent that it was not the intention of the court in this case, to vary the principle recognized in *Birchard* v. *Palmer* and *Stone* v. *Foster*, but it is perhaps more than doubtful whether the facts that are made to appear in the case are such as to warrant the application of this principle. It appears that the defendants knew of the plaintiff's attendance upon this boy, but there is nothing in the case to show that the defendants had any knowledge but what the message was correctly given, or what message had been delivered, but the whole case proceeds upon the ground that they did not know. How then can it be said that, from the facts in the case, the inference can be drawn that the defendants ratified the act, when it also appears that they had no knowledge of the act itself? If the case had shown that the defendants knew what message had been delivered in their name, then the inference that the defendants had ratified the act would naturally have arisen, and the supreme court would have been well warranted in presuming that the county court inferred it, if necessary to sustain the decision below. But as the case appears, for the supreme court to have presumed that the county court inferred a ratification, would be to presume that they had committed a plain and obvious mistake, and drawn an inference not warranted by the facts found. And we apprehend that it is not the duty of the supreme court to presume an error of this kind, which it has not the power to correct, to avoid deciding that the court below had made a mistake in a matter of law ,which it was their duty to rectify. In the case of *Wills & Fairbanks* v. *Judd*, 26 Vt. 617, the court says that " upon a report of auditors, and especially of a referee, all inferences of fact are to be made, and can only be made by the court to which the report is returnable,

Pratt *v.* Page et al.

and after such court has rendered judgment upon the report, if their judgment can fairly be sustained by any inferences of fact they might have drawn from the report, it is the duty of a court of error to presume they based the judgment upon such inference."

This is in accordance with the rule which we have before stated; it is only saying that if any inference can fairly be drawn from the report that will sustain the judgment, the court will presume it to have been done, for it can hardly be said that a judgment is fairly sustained that is made to rest solely on the presumption that the county court inferred a fact from the report that does not fairly arise from the facts reported.

The supreme court will only presume the county court to have done that in this respect which, upon an examination of the facts reported, it is apparent they fairly ought to have done. In all cases of this kind it is to be borne in mind, that the supreme court has before it all that the county court had on which to base their decisions. And we think there is far less danger in adhering to the facts as found, and the fair and legitimate conclusions arising from them, as they are certified to us by the county court as the basis of our decision, than to *presume* that the county court have *inferred* the existence of other facts, not fairly to be presumed from the facts found, and of the existence of which that court has not seen fit to inform us.

In this case we are unable to find anything in the report to warrant us in presuming that the county court inferred any of those facts which, as we have before shown, must have existed to entitle the plaintiff to a judgment against the defendant Buck.

The result is, the judgment is reversed, and judgment is rendered for the amount found due against Page, and judgment in favor of Buck for his cost.