Corliss et al. *v.* Putnam.

---

PELATIAH CORLISS, JONAS W. CLARK, AND ORLANDO FULLER *v.*
ALONZO W. PUTNAM.

*Contract. Practice. Supreme Court.*

The plaintiff took one hundred sheep of the defendant in May to pasture through the season, the defendant at the time of the bargain saying that he wanted to fatten the sheep for the market in the fall, and the plaintiff that he had sufficient pasturage to keep one hundred and fifty sheep, but would take none but these, and would keep them as such sheep ought to be kept. In September the defendant ascertaining that the pasture was wholly insufficient, and that the sheep were growing poor, took them away. *Held,* that the plaintiff having failed to perform the contract on his part could not recover on the contract for the keeping of the sheep, but the defendant had the right to terminate the contract and take the sheep away.

*Held* also, that the finding of the auditor that the sheep were not worth as much, in consequence of the plaintiff's failure to perform the contract as they would have been if he had performed it, by more than the contract price of keeping, was conclusive that the plaintiff could not recover upon any principle.

Where the county court has rendered judgment on an auditor's report, the supreme court will not presume that the county court found any facts besides those reported, except such as are fairly to be inferred from the report itself, as decided in *Pratt* v. *Page et al.*, 32 Vt. 13.

BOOK ACCOUNT to recover for pasturing one hundred sheep through the season of 1856. It appeared from the auditor's report that the

plaintiffs Corliss and Clark, being owners in common of a farm in Bradford, leased the same to the plaintiff Fuller in the spring of 1856, at the halves, and that the said Fuller made the agreement with the defendant to pasture said sheep. The other material facts found by the auditor are set forth in the opinion. The defendant insisted before the auditor that the action could not be sustained by these plaintiffs jointly, and the auditor so decided. Upon the facts found by the auditor in his report, the court at the June Term, 1863, PECK, J., presiding, rendered judgment for the plaintiffs,—to which the defendant excepted.

*A. M. Dickey* and *C. W. Clarke*, for the defendant, maintained that upon the facts found by the auditor the defendant is entitled to recoupe or offset his damage to the amount of the plaintiffs' claim, and cited *Dyer* v. *Jones*, 8 Vt. 205 ; *Goslin* v. *Hodson*, 24 Vt. 140 ; *Merrow* v. *Huntoon*, 25 Vt. 9 ; *Hurlbut* v. *Chittenden*, 26 Vt. 52 ; *Patrick* v. *Putnam*, 27 Vt. 759 ; *Hubbard* v. *Belden*, 27 Vt. 645 ; *Bellows* v. *Bingham*, 28 Vt. 243.

This suit should have been in the name of Fuller alone. *Hurd* v. *Darling*, 16 Vt. 377.

The defendant was right in taking the sheep away when he found the pasturage insufficient.

*Batchelder & Ormsby*, for the plaintiffs, maintained that the judgment of the county court is conclusive in respect to the question of joinder of the plaintiffs, and cited *Birchard & Moulton* v. *Palmer*, 18 Vt. 203 ; *Wills et al.* v. *Judd*, 26 Vt. 617 ; *Harrington* v. *Edson*, 24 Vt. 555 ; *Abbott* v. *Camp*, 23 Vt. 650. If the pasture failed in consequence of a drought, it was an act of God that the plaintiffs were not bound to anticipate in making the contract.

PIERPOINT, J. We think that upon the facts as found and reported by the auditor the defendant was clearly entitled to a judgment, and that the county court erred in rendering a judgment thereon for the plaintiff.

It appears that the defendant agreed with Fuller, one of the plaintiffs, to pasture for him (the defendant) one hundred sheep, through the season of 1856. The defendant at the time of the bargain told the said Fuller that he wanted to fatten the sheep, or a portion of them for market in the fall. The said Fuller then represented to the

Corliss et al. *v.* Putnam.

defendant that he had spare pasturage sufficient to keep 150 sheep, but that he would only take in the said 100 sheep, and agreed to keep them as such sheep ought to be kept. The sheep were taken by the said Fuller, put into his pasture in May, and were kept until the 3d of September following, when the defendant ascertained that the pasture where the sheep were kept was wholly insufficient to furnish the necessary amount of sustenance for the sheep, that the feed was very short, and that the sheep were growing poor, with the prospect that if they remained there they would continue to grow poor. The defendant for these reasons took the sheep away.

These facts show a complete failure on the part of Fuller to perform the contract, and one that fully justified the defendant in putting an end to it and taking the sheep away. This being so the plaintiffs cannot recover upon the contract. If they can recover at all it must be upon a *quantum meruit*, for the amount that the defendant was benefited by the pasturing of his sheep. And here again the report of the auditor seems to be entirely conclusive, for he finds, that instead of the defendant's being benefited, the sheep were not worth as much, in consequence of the plaintiffs' failure to perform the contract, as they would have been if the plaintiffs had performed it, by more than the contract price of keeping. Such being the fact, it is quite clear that the plaintiffs cannot recover upon any principle.

It is said on behalf of the plaintiffs that the defendant should have let the sheep remain until the close of the season, as they might improve. The auditor has found that the probability was, that they would grow poorer instead of improving. The defendant was under no obligation to take the chance. The plaintiffs having failed to perform the agreement on their part, the defendant had the right to terminate it and take away the sheep.

Again it is urged, that as the county court rendered judgment for the plaintiffs, this court will presume that the county court drew such inferences from the facts reported as would sustain their judgment.

This court will not presume that the county court found any facts besides those reported, except such as are fairly to be inferred from

9

the report itself.   This was decided in *Pratt* v. *Page et al.*, 32
Vt. 13.

In this case it is difficult to see what inferences can be drawn
from the report that will sustain a judgment for the plaintiffs that
will not be in direct conflict with the facts found.

Judgment reversed and judgment rendered for the defendant.