# BYRON A. AUSTIN *v.* BAILEY & PUTNAM ET AL.

*Chattel Mortgage. Giving of new note and mortgage. Sale upon second mortgage.*

1. A mortgage lien upon personal property is not discharged by the giving of a new note in substitution for the original one, although an additional claim is included in the new note.

2. Nor by the giving of a new mortgage upon the same property to secure the new note.

3. And as to one holding a lien intermediate between the first and second mortgages, the first mortgage would not be discharged by a foreclosure sale of the property upon the second mortgage, where the property was bought by and is in the possession of the mortgagees, so that redemption may be made from them.

4. This court will not presume that the County Court made any inference from the facts found upon trial by it, which was not warranted by such facts.

Trover for the conversion of a horse. Plea, the general issue with notice of special matter. Trial by court at the September term, 1891, Ross, Ch. J., presiding. Judgment for the plaintiff. The defendants except.

The facts appear in the opinion.

*L. F. Wilbur,* for the defendants.

Registration of the defendants' mortgage was notice to the plaintiff when his lien was created. *Passumpsic S. Bank* v. *Nat'l Bank,* 53 Vt. 82 ; Wade, Notice, ss. 41, 77, 37 ; Story Eq. Jur. s. 399 ; *McGgee* v. *Edwards,* 87 Tenn. 506.

The taking of a new note and mortgage to secure the same indebtedness did not extinguish the first mortgage lien. 15 Am. and Eng. Enc. of Law, 870, 871 ; *Bunker* v. *Barron,* 3 N. Eng. Rep. 597 ; *Orvis* v. *Newell,* 17 Con. 96 ; *Dana* and *Haydan* v.

*Binney* and *Morrison*, 7 Vt. 493 ; *Seymour* v. *Darrow*, 31 Vt. 129 ; *Thomas* v. *Gregory*, 20 Wend. 17 ; *Davis* v. *Maynard*, 9 Mass. 242 ; *Butts* v. *Dean, Admr.*, 2 Met. 76 ; *Hill* v. *Beebe*, 13 N. Y. 556 ; *Tucker* v. *Drake*, 11 Allen, 145 ; *Grimes* v. *Kimball*, 3 Allen, 518, 522.

At best the plaintiff has but a right of redemption against the defendants and this equitable title he cannot enforce by a suit at law.    Jones Chat. Mort. s. 435 ; *Landon* v. *Emons*, 97 Mass. 37 ; *Holmes* v. *Bell*, 3 Cush. 322 ; *Burdick* v. *Mc Vanner*, 2 Denio 170 ; *Goodrich* v. *Willard*, 2 Gray 203.

The defendants still have the right to sell the colt under the first mortgage.    *Calkings* v. *Clement*, 54 Vt. 635 ; *Denio* v. *Nash*, 60 Vt. 334 ; 3 Am. and Eng. Enc. Law, 201 ;    *Bradley* v. *Redmond*, 42 Iowa 454.

*Seneca Haselton*, for the plaintiff.

That the first mortgage was extinguished must have been assumed by the County Court in rendering judgment for the plaintiff, and this court will presume the County Court to have found a fact, which is inferable from the facts found, and without which its judgment could not have been given.    *Burton* v. *Est. of Barlow*, 55 Vt. 434; *Pattee* v. *Pelton*, 48 Vt. 182, *Seward* v. *Heflin*, 20 Vt. 144; *Brattleboro* v. *Reed*, 40 Vt. 76; *Harriman* v. *School District*, 35 Vt. 311 ; *Smith* v. *Day*, 23 Vt. 656 ; *Bradstreet* v. *Bank of Royalton*, 42 Vt. 128 ; *National Bank* v. *Strait*, 58 Vt. 448 ; *Kimball* v. *Estate of Baxter*, 27 Vt. 628.

The facts found by the County Court raise a presumption that the first mortgage lien has been discharged by the giving of the new note and mortgage.    *Dana* v. *Bailey*, 7 Vt. 493 ; *Dunshee* v. *Parmalee*,  16 Vt. 630 ;   *Trust Co.* v. *Farrar*, 53 Vt. 542.

The opinion of the court was delivered by

ROWELL, J.   On November 16, 1889, Malaney, owning the colt in question, mortgaged it to the defendants Bailey and

Byron A. Austin *v.* Bailey & Putnam *et al.*

Putnam, to secure his promissory note of that date for $75, payable the next day, and the mortgage was recorded on the day of its date. After the note matured, said defendants put the mortgage, but not the note, into the hands of the defendant Wheeler, a deputy sheriff, to foreclose. But they soon told him to proceed no farther, as there was a virtual agreement to settle the matter ; and he did not proceed, but the mortgage remained in his hands.

On February 23, 1890, Malaney gave Bailey and Putman another mortgage of the colt, to secure his certain other promissory note for $115, executed that day, but antedated November 17th aforesaid, payable on or before September 16, 1890, in equal monthly instalments, commencing February 15, 1890. This note was given for the 75-dollar note secured by the first mortgage and $40 that Bailey and Putnam had paid to a third person for keeping the colt, and who had a lien on it therefor superior to their first mortgage.

When the second note and mortgage were given, the first note was given up, but the first mortgage was not discharged, and has not since been, and there is no express finding that the parties thereto intended it should be discharged by the giving of the new note and mortgage.

On January 23, 1890, which was between the giving of said mortgages, Malaney hired the plaintiff to keep and break the colt at five dollars per week ; and the plaintiff kept it eight weeks under that agreement, and until March 19, 1890, when the defendant Wheeler, who was proceeding by the direction of the other defendants to foreclose the second mortgage, took it from the plaintiff's possession against his protest and claim of lien, and sold it on that mortgage to the other defendants for $55, leaving a balance due and unpaid of $53.80. It does not appear that Bailey and Putnam knew when they took the second mortgage and gave up the old note that Malaney had hired the plaintiff to

keep and break the colt. But the plaintiff is charged with notice of the first mortgage, for it was on record.

The plaintiff claims that from the facts found and certified up there arises a legal presumption that the parties intended that the second note and mortgage should operate as payment of the first note and a discharge of the first mortgage; but if not, that this court should presume, if necessary to uphold the judgment, that the County Court inferred such intention from the facts found; that in the circumstances, the taking of the second note and mortgage was an abandonment of the first mortgage; but if not, that by taking and selling the colt on the second mortgage, the defendants are estopped to set up the first mortgage, as the plaintiff's position in the premises was taken with reference to the defendant's position therein.

But the taking of a new note in substitution for one secured by mortgage, does not extinguish the debt evidenced by the latter so as to discharge the mortgage, unless such was the intention of the parties, shown by something besides what arises from the mere act of substitution; and the reason is, that the mortgage secures the debt, not merely the evidence of it, and as a change in the evidence does not pay the debt, the lien of the mortgage is not affected by it. *Dana & Hayden* v. *Binney & Morrison*, 7 Vt. 493; *Seymour* v. *Darrow*, 31 Vt. 122.

Nor does the taking of a second mortgage on the same property to secure the substituted note, operate to discharge the first mortgage, unless such was the intention of the parties. 2 Jones, Mort. s. 279; *Hill* v. *Beebe*, 13 N. Y. 556; *Hutchinson* v. *Swartsweller*, 31 N. J. Eq. 205; *Packard* v. *Kingman*, 11 Iowa, 219; *Gregory* v. *Thomas*, 20 Wend. 17. Nor the inclusion of an additional demand in the substituted note. That may serve to show the purpose of the transaction, but it does not show an intention to discharge the prior mortgage. *Hill* v. *Beebe*, 13 N. Y. 556; 2 Jones, Mort. ss. 927, 930. In this case the additional de-

mand did not increase the amount of the lien on the colt, for it was already a lien upon it.

It follows, therefore, that the taking of the new note and mortgage was not in law a discharge nor an abandonment of the first mortgage. Nor by taking and selling the colt on the second mortgage are the defendants estopped to set up the first mortgage, for the plaintiff's position in the premises could not have been taken, as claimed, with reference to the action, for whatever he did was done before that.

But although there is no estoppel, it is necessary to consider whether such taking and sale were effective as matter of law to discharge the lien of the first mortgage by withdrawing the property from its operation. It is undoubtedly true that for most purposes the foreclosure of a mortgage by sale exhausts the lien of the mortgage foreclosed, and severs the connection between it and the property mortgaged. But this is not true as to subsequent incumbrancers who have a right to redeem. They must redeem from the mortgage and cannot redeem from the sale. *Bradley* v. *Snyder*, 14 Ill. 263 ; (58 Am. Dec. 564, and note.) In this case, without saying how it would be if the facts were otherwise, the property having been purchased by the mortgagees, and, for aught that appears, being still in their possession, the plaintiff's right to redeem from the first mortgage was not affected by the foreclosure of the second mortgage, and as to him such foreclosure was not effective as matter of law to discharge the lien of the first mortgage by withdrawing the property from its operation ; hence that mortgage may be set up against him notwithstanding such foreclosure.

As to presuming that the County Court inferred from the facts found that the parties intended to discharge the first mortgage—if indeed were we at liberty to thus presume in view of the statute requiring the facts on which the judgment was rendered to be reduced to writing and prohibiting other or different facts at issue from being incorporated into the exceptions—it is

sufficient to say that the facts found do not show that the County Court ought to have drawn such inference, as is shown by what has been said, and therefore we cannot presume that it did draw such inference.   *Pratt* v. *Page*, 32 Vt. 13.

*Judgment reversed and judgment for the defendants.*

