JAMES RUSSELL *vs.* HENRY S. DAVIS, J. J. NORTON, trustee,
and CLARA M. DAVIS, claimant.

October Term, 1896.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Judgment of County Court on Commissioner's Report.*

If the judgment of the county court upon the report of a commissioner
can be fairly sustained by any inference of fact to be drawn from the
report, it will be presumed to have been based upon such inference.

TRUSTEE PROCESS. Heard upon the report of a commissioner at the March Term, 1896, Rutland County, *Taft*, J.,
presiding. Judgment that the claimant is entitled to the
funds, with costs, and that the trustee be discharged with
costs. The plaintiff excepted.

The report disclosed the following facts. August 14, 1894,
the defendant, in common with his mother, Elizabeth Davis,
owned real estate which, on that date, they conveyed for the
price of one thousand dollars; in which price the mother's
share was three hundred dollars. About September 27,
1894, the defendant received, as part payment from the
purchaser, three hundred dollars which he used on that day
in purchasing and taking to his wife, Clara M. Davis, an
assignment of a real estate mortgage against the trustee.
Two or three months later, Elizabeth Davis and Clara M.
Davis made an oral agreement that the former's interest in
the real estate so conveyed by the defendant and herself
should thereafter belong to Clara M. Davis in consideration
of their mutual expectation that the mother would live
more or less in the son's family. The rest of the one
thousand dollars was used by the defendant. The trustee
was not notified of the assignment, nor was it ever recorded.

*Horace W. Love* and *A. G. Cooledge* for the plaintiff.

*Butler & Moloney* for the claimant.

THOMPSON, J. If the judgment of the county court can fairly be sustained by any inference of fact it might have drawn from the commissioner's report, it is to be presumed in this court, that the county court based its judgment on such inference. *Emery* v. *Tichout*, 13 Vt. 15; *Stone* v. *Foster*, 16 Vt. 546; *Birchard* v. *Palmer*, 18 Vt. 203; *Wills* v. *Judd*, 26 Vt. 617; *Pratt* v. *Page*, 32 Vt. 13.

From the facts reported, the county court might well draw the inference that the three hundred dollars invested in the John J. Norton mortgage was set apart by the defendant and his mother, Elizabeth Davis, as her share of the money received for their house in Granville, N. Y.; that the assignment of the mortgage and debt thereby secured was made to the claimant for the benefit of Elizabeth, and that subsequently the latter sold her interest therein to the claimant; and that all this occurred prior to the service of the trustee process. On these facts the claimant was clearly entitled to this fund.

The plaintiff does not now claim to hold the amount of the hundred dollar note secured by chattel mortgage.

*Judgment affirmed with costs to the claimant.*